IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BILLY J. HAMMET,<br>PERRY S. JACKSON<br>AND ANTHONY M. TYLER<br><br>  Defendants.<br>_____/ | No.  CR.-S-13-011 JAM<br><br>ORDER DENYING DEFENDANT<br>JACKSON'S MOTION FOR<br>RECONSIDERATION OF<br><u>DETENTION ORDER</u> |

<u>BACKGROUND</u>

On January 16, 2013, the grand jury returned an indictment charging the defendants in this action with conspiracy to cause bodily injury to another because of their perceived race and color in violation of 18 U.S.C. §§ 371 and 249 (Count One) and causing bodily injury to another because of their perceived race and color in violation of 18 U.S.C. § 249. (Dkt. No. 1.)  On January 22, 2013, the defendants made their initial appearance before the undersigned for arraignment, entered pleas of not guilty and demanded a jury trial.  At that time the government moved for defendant Jackson's detention.  At the request of defense counsel the detention hearing was continued and defendant Jackson was ordered temporarily detained.

1

On January 25, 2013, a detention hearing was held. Assistant United States Attorneys R. Steven Lapham appeared on behalf of the United States. Attorney Mark J. Reichel appeared on behalf of defendant Jackson. The court received and considered the report and recommendation of the Pretrial Services Office as well as the arguments of counsel. At the conclusion of that hearing the court ordered defendant Jackson detained pursuant to 18 U.S.C. § 3142(e), finding that by clear and convincing evidence that no condition or combination would reasonably assure the safety of any other person and the community were he to be released.[1] (Dkt. No. 21.) The court reached that conclusion based upon: the nature and circumstances of the charged offense, which is a crime of violence; the history and characteristics of defendant Jackson including his past conduct involving revocations of prior terms of probation, his history of engaging in violent behavior both in and out of custody, his history of alcohol abuse, and his significant prior criminal record involving various driving under the influence convictions; the fact that the currently charged offense conduct was committed while he was on release pending trial in state court on other charges; and other factors including that while charges were pending against him in state court based upon the offense conduct charged in this case, he was arrested for an act of domestic violence and while in custody on those state charges he was investigated for assault on another jail inmate but was prosecuted for neither the domestic violence incident nor the jail assault under circumstances suggesting that the victims of both felt intimidated by him and thus failed to cooperate with law enforcement. (Id. at 1-2.)

On January 26, 2013, counsel on behalf of defendant Jackson filed a motion for reconsideration of the detention order requesting that the motion be submitted on the papers without oral argument. (Dkt. No. 16.) On January 28, 2013, the government filed written opposition to that motion for reconsideration. For the reasons set forth below, defendant Jackson's motion for reconsideration will be denied.

/////

---

[1] The court specifically declined to order defendant Jackson detained on flight risk grounds, finding that conditions could be imposed which would adequately assure his future appearance in this court.

ARGUMENTS OF THE PARTIES

In his motion for reconsideration defense counsel expounds briefly on an argument he advanced at the detention hearing. Counsel essentially contends that this court should not have considered defendant Jackson's significant prior criminal record or his past conduct, including an alleged act of domestic violence and an assault on a jail inmate while in local custody, in determining whether there were conditions which could be imposed which would reasonable assure the safety of the community were he to be released. (Dkt. No. 16 at 2.) Rather, defense counsel contends that because the charge leveled against Jackson in this court is that of engaging in a racially motivated assault, only evidence of other racially motivated assaults on his part could be relied upon in detaining him as a danger to the community. (Id.) Defense counsel argues that by considering all of the history and characteristics of the defendant, the court made the decision to detain the defendant in order to prevent the commission of future state crimes which are unrelated to the pending federal charges. That, defense counsel concludes, is "preventative detention" not authorized by the Bail Reform Act. In support of this argument defense counsel relies on the decisions in United States v. Byrd, 969 F.2d 106, 109 (5th Cir. 1992) and United States v. Ploof, 851 F.2d 7, 11 (1st Cir. 1988).

In their opposition, the government argues that the cases relied upon by defendant Jackson in moving for reconsideration of the detention order do not stand for the proposition advanced by the defendant. The government contends that neither Byrd nor Ploof involved defendants charged with a crime of violence as defendant is here. (Doc. No. 22 at 1.) It is the nature of the charge with which Jackson is charged, the government contends, that allows the court to consider whether he should be detained as a danger to any other person or the community under 18 U.S.C. § 3142(f)(1)(A). Finally, the government notes that in keeping with that distinction many courts have held that where a crime of violence has been charged in federal court the Bal Reform Act allows consideration of a defendants' past conduct, including acts of domestic violence, in determining whether he or she should be detained as a danger. (Id. at 2) (citing United States v. Quartermaine, 913 F.2d 910, 917 (11th Cir. 1990). The government's arguments are persuasive and well supported.

As the Ninth Circuit observed long ago, the Bail Reform Act,

> specifies the various factors that must be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(g). These factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) <u>the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history</u>; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. <u>Id.</u>; [United States v.] <u>Motamedi</u>, 767 F.2d [1403,] at 1407 [9th Cir. 1985)].

<u>United States v. Gebro</u>, 948 F.2d 1118, 1121 (9th Cir. 1991)(emphasis added).

In light of this directive to consider a defendant's character and past conduct in determining whether his or her pretrial release poses a danger to the community, it is not surprising that courts have repeatedly recognized that the past conduct of the defendant, even if wholly unrelated to the crime of violence then charged, should be considered along with other factors in making that determination. Thus, in explicitly rejecting the proposition defendant Jackson advances in his motion for reconsideration here, the Second Circuit has observed:

> The district court erred as a matter of law in rejecting the information provided by the confidential informant regarding the other shooting allegedly committed by Rodriguez. The court discounted the information because "it is not the sort of conduct which arises out of the charge in the indictment by which I mean there is nothing to indicate that Mr. Rodriguez has been a drug merchant or someone who is engaged in violent acts in connection with drug trafficking." The district court thereby imposed a requirement that the violent conduct witnessed by the informant be connected to the activity charged in the indictment. The district court stated that "[t]he question of danger to the community arises primarily out of what the production was in which the defendants engaged in connection with the narcotics transaction." We have never required such a nexus, nor do we impose such a requirement today. The issue is whether a defendant poses a danger to the community. Shooting a man in the kneecap over a small debt is probative of dangerousness, regardless of whether the incident was related to drug trafficking.

<u>United States v. Rodriguez</u>, 950 F.2d 85, 88 (2d Cir. 1991). <u>See</u> <u>also</u> <u>United States v. Milan</u>, 4 F.3d 1038, 1047-48 (2d Cir. 1993). Similarly, one District Court has simply stated:

/////

>Nor is the dangerousness of a defendant determined solely by looking at the acts charged in the indictment. There is no requirement of a nexus between the charged conduct and the basis of a court's conclusion that a defendant is a serious danger to the community. [citations omitted.] This Court therefore may look beyond the charged conduct to assess the degree of danger that the defendant poses.

United States v. Bellomo, 944 F. Supp. 1160, 1166 (S.D.N.Y. 1996). See also United States v. Holmes, 438 F. Supp. 2d 1340, 1350 (S.D. Fla. 2005) ("Factors such as criminal history, past conduct and the nature and seriousness of danger to others posed by a defendant's conditional release, in addition to the nature and circumstances of the charged offense, are closely linked to an individual's dangerousness."); United States v. Gotti, No. S502CR743 (RCC), 2004 WL 405950, at *5(S.D.N.Y. Mar. 3, 2004) ("Provisions of the Bail Reform Act convey Congress's concern about those individuals who have committed, or are accused of committing, violent acts . . . . See [18 U.S.C.] § 3142(e), (f)(1), (g)(1). The potential for injury to others that Defendant's past acts, if repeated, pose weighs heavily in favor of pretrial detention.")

      Here, defendant Jackson is charged with a hate crime assault in violation of 18 U.S.C. § 249, a crime of violence necessitating a determination of whether any conditions of pretrial release would provide reasonable assurances of the safety of the community or another person were the defendant to be released. See 18 U.S.C. § 3142(f)(1)(A). In such circumstances, the court must consider not only the nature of the current charges but also the past conduct of the defendant, among other factors, in making that determination. The court did so in reaching the detention decision in this case. Accordingly, defendant Jackson's motion for reconsideration is denied.

DATED: March 21, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD1.crim
jackson13cr11.detention