```
MARK J. REICHEL, State Bar #155034
REICHEL  & PLESSER L.L.P.
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California  95814
Telephone: (916) 498-9258
FAX:       (916) 441-6553
mark@reichellaw.com
www.reichellaw.com

Attorney for Defendant
PERRY JACKSON
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            )<br>    Plaintiff, )<br>            )<br>    v.      )<br>            )<br>            )<br>            )<br>PERRY JACKSON )<br>            )<br>    Defendant. )<br>_____ | Case No. CR-S-13 -11 JAM<br><br>**SENTENCING MEMORANDUM FOR APRIL 29, 2014**<br><br>Date: April 29, 2014<br>Time: 9:45 a.m.<br>Judge: John A. Mendez |

On April 29, 2014, the defendant will address the Court about the appropriate sentence in the case in light of the Court's decision to not accept the agreement between the parties, and will address the following issues. His mother Joanne Dearta will be present to address the Court and verify these matters if needed.

Background of the defendant. The defendant will acknowledge that he is an alcoholic and that he has anger control issues. He desires all the help he can obtain in these areas. He never wants to be like that again.  He has now been in custody 25 months for

Sent Memo For Ap 29

those issues, and he is done with that lifestyle and those decisions.  On the night in question, the defendant had been drinking excessively; his significant other came and pulled him from the bar. He went to the gas station with her, and while there, the other 2 defendants arrived on their own. The defendant immediately became engaged in a fight with someone else at the gas station when at that time defendant Hammett went to the victims in this case. Perry Jackson left the fight he was in to head to the next one. Jackson does not dispute in any way what happened and what was said. The acts occurred and he is guilty. He was very drunk and agitated over an argument he was having with his significant other, Denae, as well as with Hammett himself and also with the person he had been fighting with. He regrets all of it.

   The defendant is not at heart a racist. He loves his mother very dearly; she is of strong Mexican heritage.  One of the letters written in support of this defendant comes from Kevin Kennedy, and that person is an African American. (Docket 59-6). When Perry Jackson was detained on these charges in state court, he was granted a 2 day reprieve to attend his father's funeral. Perry spent the 2 days grieving his father with his first cousins on his father's side,  several of them, who are African American. He has had very good relations with them and with all the other ethnic minorities while growing up and playing all sports in high school.

   <u>Federal prison</u>.  A lengthy federal prison sentence will force this defendant to become associated with the wrong element. Federal prison often results in segregated incarceration, and

inmates then are segregated by race. Defense counsel has represented more than a few federal prisoners who have been charged with racially motivated hate crimes, committed by white inmates upon minorities, while in federal prison.  In each instance, it appears that the defendants were not so racially biased upon entry into the system. It appears they were recruited to join, and often forced to join, when entering the system. Undoubtedly, that pressure will be intense upon Mr. Jackson.

   He has served over 25 months on this charge already.  A sentence *just above* the 57 months would not result in an unduly long federal sentence, something "survivable" for someone like Mr. Jackson.  Anything far above it would certainly increase the risk of Mr. Jackson being coerced into having to associate with those he chooses not to associate. He unfortunately has the tattoos and the conviction now to make him very attractive to the white prison gangs; that is not what he wants in any shape or form. He has never been to prison before. He does not have the firmly held racist beliefs of these gangs.

   <u>Criminal history</u>.  The defendants criminal history is comprised of a possession offense when he was 18, and then convictions for 4 DUI's and a suspended license. While he qualifies for a Category V in the view of the Court, it is fairly stated that it is an unusual Category V and this factor should be considered.

   <u>Appropriate Sentence For This Defendant</u>.

   As noted by the Government Setnecng Memorandum, defendant Hammett's Sentencing Factors included:

   *He was convicted in 2006 of an unprovoked assault on a

72-year-old African American man;

   *He had made comments about hating "old people, blacks, and Jews" while walking in downtown Marysville, then approached a total stranger and assaulted him, causing serious injury;

   * 2004, Hammett was arrested for punching a man and rendering him unconscious while a friend stabbed another person in the stomach with an object resembling a screwdriver or ice pick;

   * 2005, Hammett was arrested for assaulting a man who was sitting in a truck;

   * His criminal record included several other arrests or convictions involving weapons, theft, violence, and intoxicated driving;

   * He has white supremacist tattoos and had told a jail classification officer as recently as 2012 that he was a skinhead gang member.

   Jackson, on the other hand, has none of the aggravating factors Hammett has, other than tattoos he had sought to have removed. Jackson is further distinguished by the fact he disavows racism and comes from a mixed racial background.

   Finally, the Court is requested to review the letters at Docket 59-6, from the mother of his 2 young daughters and the wonderful way she describes Perry as a father, despite the fact that they are not a couple.  He is loved and loves his family very much, provides for them well; he must be punished but asks that the Court take to heart Mr. Jackson's word that the activity does not reflect who the real Perry Jackson is.

   Jackson's sentence should reflect the factors discussed herein and he requests that this Court sentence him only

minimally more than the 57 months agreed upon by the parties.

Respectfully submitted,

DATED: April 28, 2014

                                        /S/ *Mark J. Reichel*

                                        MARK J. REICHEL
REICHEL & PLESSER L.L.P.
Attorneys For Defendant