UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-0011 JAM CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PERRY SYLVESTER JACKSON, | |
| Defendant. | |

Jackson is a federal prisoner proceeding pro se with a motion attacking his sentence under 28 U.S.C. § 2255.[1] (ECF Nos. 82 & 90.) Jackson seeks a reduction in his sentence or, alternatively, to withdraw his plea. The government opposes the motion. (ECF No. 94.) For the reasons set forth below, the undersigned will recommend that Jackson's motion be denied.

I. Factual and Procedural Background

On April 20, 2011, Jackson was arrested on a state warrant alleging a hate crime under state law, and subsequently detained in Yuba County on those charges. (ECF No. 82 ("Mot.") at 4.) Almost two years later, on January 16, 2013, a federal grand jury returned an indictment charging Jackson with one count of conspiracy (18 U.S.C. § 371) and two counts of a hate crime in violation of the Shepard-Byrd Hate Crimes Prevention Act (18 U.S.C. § 249). (ECF No. 1.)

---

[1] The companion civil case is No. 2:15-cv-0800 JAM CKD.

1

1  The basis of the indictment was an April 18, 2011 incident in which Jackson and two
2  codefendants attacked a white man and black woman as they sat in a parked car. (Id.) Jackson's
3  state charges were dismissed in favor of federal prosecution, and shortly after the indictment, he
4  was taken into federal custody. (Mot. at 4; ECF Nos. 6 & 9; ECF No. 94-1 at 29.)

5  On December 17, 2013, Jackson entered into a plea agreement in which he agreed to plead
6  guilty to Count 2 of the indictment charging him with a federal hate crime, in exchange for the
7  government's dismissal of the remaining two counts. (ECF No. 44; also at ECF No. 94-1, Ex.
8  A.) The plea agreement, offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of
9  Criminal Procedure, provided for an agreed-upon sentence of 57 months, a term at the low end of
10 the applicable Sentencing Guidelines Range. The parties stipulated that the applicable Guidelines
11 provisions called for a total offense level of 21. They also agreed that defendant fell into
12 Criminal History Category IV, and that a score of Category V overstated his criminal history.
13 (ECF No. 44 at 6-7.)

14 The plea agreement included a waiver of appeal and collateral attack, with petitioner
15 retaining the right to appeal only if the sentence imposed exceeded the statutory maximum or if
16 the government appealed the sentence. (ECF No. 44 at 9.) As to collateral attack, the agreement
17 provided that "regardless of the sentence the defendant receives, the defendant also gives up any
18 right to file a motion under 28 U.S.C. §2255 or § 2241 challenging any aspect of the guilty plea,
19 conviction, or sentence, except for non-waivable claims." (ECF No. 44 at 9.) Jackson and his
20 attorney signed the plea agreement, and it was filed with the court.

21 On April 22, 2014, the Court made a finding as to the advisory Sentencing Guidelines and
22 informed the parties that it would reject the Rule 11(c)(1)(C) plea. (ECF No. 94-1, Ex. B at 16.)
23 The Court stated that it intended to impose a sentence greater than the proposed 57 months, but
24 most likely within the Guidelines range. (Id.) The Court gave Jackson one week to decide
25 whether he wanted to proceed with the plea or withdraw it, in light of the Court's decision. (Id.)
26 At a sentencing hearing one week later, Jackson expressed his intent to go forward with
27 the plea in the following exchange:
28      THE COURT: You don't want to withdraw your plea, correct?

|   |   |
|---|---|
| 1 | THE DEFENDANT: Yes. |
| 2 | THE COURT: You want me to sentence you? |
| 3 | THE DEFENDANT: Correct, Your Honor. Yes. |
| 4 | THE COURT: You understand the consequences of going forward, and that would be I'm going to impose a sentence that is greater than the sentence called for by the plea agreement. Do you understand that? |
| 6 | THE DEFENDANT: Yes, Your Honor. Correct. |
| 7 | THE COURT: Okay. All right. |

(ECF No. 94-1, Ex. B at 17.)

The Court stated that a criminal history of Category V was appropriate given Jackson's prior convictions for driving under the influence ("DUI"), and declined to sentence Jackson beneath the Guidelines range. The Court sentenced Jackson to imprisonment for 70 months, the low end of the Guidelines range, and dismissed the remaining two counts on the indictment. (ECF No. 94-1, Ex. B at 25-26; ECF No. 64.)

At the end of the hearing, Jackson's attorney stated:

> MR. REICHEL: I believe there is nothing further, Your Honor. He has a period of time he did in state custody. The charges were dismissed in favor of federal prosecution. The BOP is required to give him credit for that as it wasn't credited toward another sentence. If there should be some problem with that, I may contact Mr. Wagner and then possibly come back to the court.
>
> THE COURT: Okay. The Bureau of Prisons will calculate the remaining time.

(ECF No. 94-1, Ex. B at 29-30.)

Jackson did not appeal his conviction or sentence. He filed the instant § 2255 motion on April 13, 2015. (ECF No. 82.) Jackson asserts three claims: (1) that his time spent in custody on state charges prior to his federal indictment was not properly credited against his federal sentence; (2) that his criminal history was miscalculated under the Guidelines; and (3) that he did not receive a nunc pro tunc concurrent sentence to account for his time in state custody.

////

////

II. <u>Legal Standards</u>

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence."

Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). While a federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Under § 2241, a habeas corpus petition must be brought in the judicial district of the petitioner's custodian. <u>See id.</u> at 865.

III. <u>Analysis</u>

First, because Jackson chose to go forward with the plea agreement, he is bound by its waiver of collateral review under § 2255 and 2241.[2] Even though the Court rejected the plea under Rule 11(c)(1)(C) and sentenced Jackson to a greater term, Jackson accepted the agreement, including the waiver of his right to collaterally attack the judgment and sentence. Because Jackson waived collateral review under the express terms of the agreement, he is precluded from relief he seeks.

Second, even if Jackson retained the right to seek collateral review, his claims are procedurally defaulted because he did not raise them on direct appeal. "A § 2255 movant

---

[2] To the extent Jackson seeks relief in the form of a sentencing credit by the BOP, his claims are not cognizable under § 2255 but should be brought pursuant to § 2241.

4

procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (2003) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Nonconstitutional sentencing issues "may not be raised under § 2255 if [they were] not raised at sentencing or on direct appeal." United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996); United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995). Here, Claims 1 and 3 allege non-constitutional sentencing errors; and Claim 2, concerning the criminal history calculation, is non-constitutional as well. See United States v. Dervishi, 2015 WL 1476383, *2 (C.D. Cal. 2015) (claim alleging erroneous criminal history calculation was non-constitutional and thus procedurally defaulted).

Jackson has not established cause and prejudice such as would excuse procedural default. Nor has he alleged ineffective assistance of his attorney under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Because Jackson failed to present these claims on appeal, they are barred on collateral review, and the Court need not reach the merits of Jackson's claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 (ECF No. 82) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:15-cv-0800 JAM CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

////

////

parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 7, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / jack0011.2255