# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Offender Under Supervision

**Name of Offender:** Perry Sylvester Jackson            **Docket Number:** 2:13CR00011-002

**Name of Judicial Officer:**   United States District Judge John A. Mendez

**Date of Original Sentence:**   4/22/2014

**Original Offense:** 18 U.S.C. § 249 Hate Crime  (Class C Felony)

**Original Sentence:** 70 months custody Bureau of Prisons; 36 month Term of Supervised Release; $175 restitution; $100 special assessment.  Mandatory UA; No firearms; and DNA collection.

**Special Conditions:**  Warrantless search; Outpatient drug treatment; Drug testing; Abstain from alcohol; Mental health treatment; Co-pay; Shall not associate with known gang member of the "White Pride" street gang.

**Type of Supervision:**   TSR

**Date Supervision Commenced:**   7/7/2017

**Other Court Actions:**  None

---

### PETITIONING THE COURT

☒  **TO ISSUE A WARRANT**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**          **Nature of Violation**

**Charge 1**               **NEW LAW VIOLATION**

On or about August 2, 2017, Jackson assaulted victim McKee pulling her hair and punching her in the side of the head. As a result of his conduct, Yuba County Superior Court has charged Jackson with a violation of Penal Code 273.5: Inflict Corporal Injury on Spouse/Cohabitant (misdemeanor), in violation

RE: **Perry Sylvester Jackson**                    Docket Number: 0972 2:13CR00011-002

of the Mandatory release condition, which states, *"the defendant shall not commit another federal, state, or local crime."*

**Justification:** On or about August 2, 2017, Yuba County Sheriff's deputies were dispatched to Food Max parking lot located in Yuba County, on a report of domestic violence. According to the report, deputies made contact with the victim Danae McKee who identified herself as Jackson's girlfriend. McKee reported that earlier that same evening, while she was showering at her residence, the offender entered the bathroom and said he had a tattoo to show her. McKee stated that out of nowhere Jackson opened the shower door, grabbed her by the hair, and pulled her out of the shower. While falling out of the shower, McKee injured her ankle. Deputies noted her ankle appeared swollen. While fleeing toward her bedroom, Mckee questioned Jackson as to why he was being aggressive toward her. McKee stated Jackson followed her into the bedroom and punched her once in the side of her head. Deputies reported examining Mckee's face/head and found no visible injuries.

McKee was able to put a shirt on quickly and told Jackson she could hear their 4-year-old child crying (using that as an excuse to exit the bedroom). Thereupon, McKee grabbed their child (who was sleeping in the living room) and exited the residence. McKee drove to a Food Max parking lot, called 911, and reported Jackson's whereabouts.

Deputies arrived at the residence and gave Jackson multiple commands over the Public Address system (for several minutes) consisting of, "Perry, this is the Yuba County Sheriff's Department with a K9, come out with your hands up." Sheriffs did not receive an answer for several minutes; therefore, sheriffs forced entry to the front of the door using a Ram. Immediately after the front door was breached, Jackson complied with commands and was taken into custody without further incident. Jackson was consequently charged with violating California Penal Code 273.5: Inflict Corporal Injury on Spouse/Cohabitant (misdemeanor). The matter is still pending before Yuba County Superior Court under Case No.17-3076, with a next Court appearance scheduled for October 16, 2017.

Currently, Jackson is residing with his mother and working full time for Olivehurst Water Department. He is enrolled in drug testing, attending weekly drug/alcohol treatment, and begins anger management classes on September 5, 2017.

**Detention:** Taking into account the seriousness of the alleged conduct, coupled by the offender's violent criminal history, it is the opinion of the probation officer that Jackson represents a risk to the community. The offender is not considered a flight-risk as he is reporting the probation officer as required. Equally concerning is the fact that the offender released from custody less than one month prior to engaging in new criminal conduct. Therefore, it is respectfully recommended that the Court issue a warrant requiring the supervised releasee to appear and show cause as to why his term of supervision should not be revoked. Further, once apprehended, it is respectfully recommended that Jackson be detained pending final adjudication.

RE: **Perry Sylvester Jackson**              **Docket Number: 0972 2:13CR00011-002**

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**   **August 30, 2017**
                   **Roseville, California**
                   **VP:jc**

                                        Respectfully submitted,
                                        **/s/ Vladimir Pajcin**

                                        _____
                                        **Vladimir Pajcin**
                                        **United States Probation Officer**
                                        Telephone: (916) 786-2357

**DATED:**   8/30/2017                  Reviewed by,
                                        **/s/ Toni Ortiz**

                                        _____
                                        **Toni M. Ortiz**
                                        **Supervising United States Probation Officer**

RE: **Perry Sylvester Jackson**   Docket Number: 0972 2:13CR00011-002

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

**DATED: 9/1/2017**   /s/ John A. Mendez

John A. Mendez, U.S. District Court Judge

CC:

United States Probation

Assistant United States Attorney: To be assigned

United States Marshal Service

RE: **Perry Sylvester Jackson**                                     Docket Number: 0972 2:13CR00011-002

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable John A. Mendez
United States District Judge
Sacramento, California

                                          RE:      Jackson, Perry Sylvester
                                                    **Docket Number:** 0972 2:13CR00011

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**     NEW CRIMINAL CONDUCT

         **A.**     **Evidence:**

                 (1)     Yuba County Sheriff's Department report number1-17-003076.

         **B.**     **Witnesses:**

                 (1)     Yuba County Sheriff's Deputies Rivera, Spear, Watson, and Tarwater will testify to the facts and circumstances regarding Mr. Jackson's arrest on August 3, 2017.

                                                                   Respectfully submitted,
                                                                    **/s/ Vladimir Pajcin**

                                                                    **Vladimir Pajcin**
                                                                    **United States Probation Officer**
                                                                    Telephone:  (916) 786-2357

**DATED:**    8/30/2017
                     Sacramento, California

RE: **Perry Sylvester Jackson**              **Docket Number: 0972 2:13CR00011-002**

Reviewed by,
**/s/ Toni Ortiz**

---

**Toni M. Ortiz**
**Supervising United States Probation Officer**

RE: **Perry Sylvester Jackson**  Docket Number: 0972 2:13CR00011-002

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:** Perry Sylvester Jackson   **Docket Number:** 0972 2:13CR00011

**Date of Original Offense:** 18 USC 249 - Hate Crime

**Original term of supervised release imposed:** 70 **months**

**Highest grade of violation alleged:** C

**Criminal History Category of offender:** V

**Original guideline range:** 70 **to** 87 **months.**

**Chapter 7 range of imprisonment:** 7 **to** 13 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

- ☐ **Class A felony - 5 years**
- ☐ **Class B felony - 3 years**
- ☒ **Class C and/or D felony - 2 years**
- ☐ **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:  YES:** ☐   **NO:** ☒

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**   Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**   Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.